IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRIAN JOYNER,** | * | |
| Petitioner, | * | |
| | | **Civil Action No.: RDB-20-1985** |
| v. | * | **Criminal No.: RDB-17-0483** |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On August 1, 2018, *pro se* Petitioner Brian Joyner ("Petitioner" or "Joyner") pled guilty to one count of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and one count of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (ECF No. 29.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Judgment, ECF No. 40; Plea Agreement ECF No. 26.) The guilty plea specifically provided that the Government and Joyner agreed to a 120-month sentence, and that the parties waived any appeal of that sentence. (ECF No. 26.) On November 30, 2018 this Court sentenced Joyner to 120 months imprisonment, consistent with that agreement. (ECF Nos. 26, 40.) Nevertheless, approximately six months later in June of 2019, Joyner appealed his conviction. (ECF No. 43.) This appeal was then voluntarily dismissed by Joyner in November of 2019. (ECF No. 52.)

Currently pending before this Court is Joyner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 54, supplemented by ECF No. 56), as well as a

1

Motion to Appoint Counsel (ECF No. 57).[1]  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons set forth below, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 54) is DENIED.  Petitioner's Motion to Appoint Counsel (ECF No. 57) is also DENIED.

## BACKGROUND

On September 14, 2017, Petitioner was charged in a seven-count indictment, charging him with two counts of Interference with Commerce by Robbery, in violation 18 U.S.C. § 1951(a); two counts of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); and one count of Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g).  (ECF No. 1.)  On August 6, 2018, pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Joyner pled guilty to one count of Interference with Commerce by Robbery, in violation 18 U.S.C. § 1951(a), and one count of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c).  (ECF Nos. 26, 29.)  On November 29, 2018, this Court sentenced him to 120 months' imprisonment and a total term of 5 years of supervised release.  (ECF No. 40.)  Petitioner appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit, but his appeal was then voluntarily dismissed on November 15, 2019.  (ECF Nos. 43, 52.)

On July 6, 2020, Petitioner Joyner filed the instant *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 54), asserting a claim for ineffective

---

[1] Also pending are the Petitioner's Motion for Compassionate Release (ECF No. 63) and another Motion to Appoint Counsel (ECF No. 65) related to that Motion for Compassionate Release.  Those motions will remain pending and will be addressed by this Court in the next seven days.

assistance of counsel. On July 10, 2020, this Court directed Joyner to supplement his Section 2255 Motion. (ECF No. 55.) Joyner did as directed on August 7, 2020. (ECF No. 56.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 386 U.S. at 428 (1962)).

The scope of § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

3

First, this Court notes that there is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel at this time. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter.

With respect to Joyner's Section 2255 Motion, to state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in

4

satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

In his Section 2255 Motion, Petitioner asserts that he received ineffective assistance of counsel arguing that his counsel (1) failed to challenge alleged misconduct by the investigating detective and failed to obtain phone records, which Joyner believed to be evidence favorable to him pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); (2) coerced him into pleading guilty; (3) failed to provide him a vigorous defense; and (4) caused him to unknowingly perjure himself. (ECF Nos. 54, 56.) None of these bases proffered by the Petitioner establish that his counsel was ineffective.

First, Joyner's allegation that his attorney failed to challenge alleged misconduct by the investigating detective is without merit. The Government concedes that there were allegations of misconduct pertaining to one of the Baltimore Police Department's detectives who was involved with investigation of the robberies committed by Petitioner. (ECF No. 66 at 5.) Joyner's counsel was clearly aware of these allegations given that counsel for all parties involved with the charged robberies wrote to the Court and requested a postponement of a motions hearing in part due to a request to investigate the allegations. (*See* ECF No. 23.) However, the record is clear that issues with respect to the investigating detective had very little influence on the overwhelming evidence in the case against Joyner. There was video

surveillance of the robberies[2] in question and Joyner was identified not only through that video but by eye witnesses to the crime. (ECF No. 26.) There is nothing in the record to indicate that his phone records, the materials Joyner claims were not obtained in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), would have negated such evidence. There is simply no evidence to suggest that the failure to obtain telephone records would satisfy either the "performance" prong or the "prejudice" prong as required pursuant to *Strickland v. Washington*, 466 U.S. 668, 671 (1984).

Joyner's allegations that he was "coerced" into pleading guilty are also without merit. On August 6, 2018, Joyner appeared before this Court and pled guilty pursuant to a written plea agreement pursuant to Rule 11(c)(1)(C). During those proceedings, Joyner was placed under oath and informed the Court that he had fully discussed the charges, evidence, and witnesses with his attorney; he was satisfied with his attorney's representation and advice; and no one had forced or threatened him to plead guilty. (*See* Transcript, ECF 66-1.) Joyner affirmed a summary of the facts and assured this Court that he had committed the crimes as described. (*Id.*) Joyner's contention that he was coerced into pleading guilty is directly contrary to his statements and affirmations made on August 6, 2018.

"[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process." *United States v. Bowman*, 348 F.3d 216, 221-22 (4th Cir. 2005). A defendant may carry such burden when he alleges extraordinary circumstances, such as physical abuse or illness that required hospitalization occurring during arrest and before

---

[2] Joyner pled guilty to a single count of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c), however, by the terms of the Plea Agreement, Joyner stipulated to his commission of three separate armed robberies between March 15, 2017 and March 22, 2017. (ECF No. 26.)

appearance in court.  *See Fontaine v. United States*, 411 U.S. 213, 214 (1973).  However, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established."  *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005)).  As the Fourth Circuit instructs, "a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."  *Id.* at 222.  As there are no extraordinary circumstances in this case, Joyner's statements made at the Rule 11 colloquy are presumptively true, and his argument that he was coerced into pleading guilty is without merit.

With respect to his claim that his attorney did not provide him a vigorous defense, Joyner repeats allegations related to his attorney's failure to investigate the detective's misconduct in his case and claims that she also failed to seek a copy of the statement of a witness, who he seems to believe may have been biased against him.  (ECF No. 56.)  These allegations fail for the same reasons provided above.  Given the weight of the evidence against him, it is unclear how his ability to review the statement of one witness or undermine the testimony of one detective would have changed the outcome in his case had he gone to trial. Further, his allegations again contradict his sworn statements provided at the Rule 11 colloquy. Joyner assured the Court that his attorney had done everything he asked of her; that he had not been coerced or threatened into pleading guilty; and that the charges against him were accurate.  (*See* Transcript, ECF 66-1.)  Joyner has not provided any evidence to suggest that there are extraordinary circumstances which would allow this Court to disregard his statements made under oath.

Finally, with respect to Joyner's final allegation that his attorney caused him to perjure himself, this Court again finds that such allegation is not supported by the record. Joyner claims that he was only pleading guilty so that he would not go to jail for the rest of his life and to protect his wife from being implicated in the alleged crimes. (ECF No. 56.) He claims that his attorney advised his that this Court would not accept a plea of this form and that he should instead merely say "yes" when asked if he was pleading guilty. (*Id.*) He also asserts that at the time he pled guilty, he believed it was the best option given his attorney's analysis of his chances of prevailing at trial. (*Id.*) He now claims he would have gone to trial but for his attorney's "bad advice." (*Id.*) However, Joyner has not shown that his attorney's advice was objectively unreasonable, and again, such allegations are contradicted by his sworn statements at the Rule 11 colloquy. For the same reasons provided above, Joyner cannot state a claim for ineffective assistance of counsel on this basis.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 54) is DENIED, and Petitioner's Motion to Appoint Counsel (ECF No. 57) is also DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a

petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

      A Separate Order follows.

Dated: February 26, 2021

                                                                                       _____/s/_____
                                                                                         Richard D. Bennett
                                                                                         United States District Judge